## JACKSEY v McPHERRAN

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11,512. Decided June 1, 1931

Spring and Sayre, Cleveland, for Jacksey.
H. F. Payer, Cleveland, for McPherran.

MAUCK, PJ.

The defendant in error here has not raised the question of whether or not the action of the Court of Common Pleas in overruling the motion to quash is such a final order as to support a proceeding in error. Assuming, but not deciding, that it is such final order it is only necessary to ascertain whether in a case of this character summons may issue from Cuyahoga to Lucas County. The decisive section is §6308 GC which provides that actions for injury to a person or property caused by the negligence of the owner or operator of a motor vehicle may be brought by the person injured in the county where such injury occurs, and when so brought summons may issue to the sheriff of any county wherein such defendant resides.

The plaintiff in error here argues that this section should be construed as applicable only to those cases where the injury was caused by the negligence of the owner or operator of a motor vehicle when such vehicle was in motion, and that it has no application where the injury has resulted from negligence after the vehicle has come to rest. Clearly this is an invitation for the court to read into the statute something that the statute does not say. This argument proceeds from some things that have been said by the Supreme Court in Allen v Smith, 84 Oh St 283. What the court was then saying in regard to the dangers arising from the use of motor vehicles on the highway was to show some reason why a different rule should obtain in getting service upon the owners of such vehicles, and that legislation based upon such distinction was subject to no constitutional infirmity. The court did not indicate that the statute was subject to the limitations now contended for by the plaintiff in error, and no reason is suggested that warrants the limitation contended for. Certainly one reason that owners of motor vehicles should be subjected to the venue of the county in which the injury occurred is the readiness with which such vehicle and its owner and operator can escape from the county where the witnesses reside. This opportunity to evade service is quite as open to the defendant whether the negligence complained of arose when the machine was running as when it was standing still. The defendant is operating a motor truck when he is loading and unloading it. Both loading and un-

loading are necessary incidents to the operation. This case is included in the language of the statute, and as we look at it within the spirit as well.

The judgment is affirmed.

MIDDLETON and BLOSSER, JJ, concur.